■ HIGHWAY DISPLAYS, INC., Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 64680.) — In a claim for damages resulting from the *de facto* appropriation of claimant's leasehold interest in a billboard, the appeal is from an interlocutory judgment of the Court of Claims (McCabe, J.), dated August 2, 1982, which found against the State of New York on the issue of liability only. Interlocutory judgment reversed, on the law, without costs or disbursements, and claim dismissed. On February 7, 1980 the State of New York removed, pursuant to subdivision 8 of section 88 of the Highway Law, a sign owned and erected by claimant on land in which it held a leasehold interest. In a "CLAIM FOR DE FACTO APPROPRIATION" dated September 24, 1980 claimant alleged, *inter alia,* that the removal was illegal and that the entry on the land was wrongful and unlawful and was of a permanent nature. It was alleged further that the removal constituted a *de facto* appropriation of claimant's sign and leasehold interest, for which claimant was entitled to be paid just compensation. Claimant sought $30,000 in damages. After the State's motions for summary judgment and reargument thereof were denied, a trial limited to the issue of liability was held before Judge McCabe. After trial, the State made a motion to dismiss for failure to timely file the claim against it. The court found that the claim was for damages resulting from an appropriation, and was timely filed. Based on subdivision 7 of section 88 of the Highway Law, the court further determined that claimant should have judgment on the question of liability. We disagree. The sign in question was removed by the State because it was "blank" for a period exceeding nine months, and was thus classified as illegal. The relevant regulations (17 NYCRR 150.1 *et seq.*) support this determination. Pursuant to the regulations, the sign was nonconforming (17 NYCRR 150.1 [aa]). Furthermore, a nonconforming sign that is abandoned is illegal and

prohibited. Insofar as relevant here, an abandoned sign is defined in the regulations as one "which has been blank for a period of nine consecutive months, except if a sign was blank as of September 1, 1978, it shall not be considered abandoned or discontinued until June 1, 1979" (17 NYCRR 150.12 [b] [6] [i] [b]). A blank sign is defined as a sign void of advertising or informative content; an " 'available for lease' or similar message that concerns the availability of the sign itself shall not constitute advertising matter" (17 NYCRR 150.1 [e]). Thus, claimant's sign, which it asserts advertised that the sign was available and contained the owner's telephone number and name, was, by definition, blank and accordingly was properly deemed abandoned and illegal. Finally, an illegal sign "means a sign that is in violation of the outdoor advertising control statutes or the regulations of this Part [part 150], and which is not eligible for compensation upon removal" (17 NYCRR 150.1 [p]). It is therefore apparent that upon removal of the illegal sign, pursuant to subdivision 8 of section 88 of the Highway Law, the State was not required to provide compensation to claimant pursuant to subdivision 7 of that section. Accordingly, claimant was not entitled to judgment on the question of liability and reversal of the interlocutory judgment appealed from is required. Damiani, J. P., Gulotta, O'Connor and Rubin, JJ., concur.